Harry L. Lockwell v. Commissioner.
Lockwell v. Commissioner
Docket No. 24332.
United States Tax Court
1951 Tax Ct. Memo LEXIS 21; 10 T.C.M. (CCH) 1155; T.C.M. (RIA) 51365; December 12, 1951
William A. Cruikshank, Jr., Esq., for the petitioner. William P. Flynn, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves deficiencies in income tax for 1945 and 1946 in the amounts of $323 and $179, respectively. The issues presented for decision are: (a) whether respondent was barred by the statute of limitations, section 275 (a) of the Internal Revenue Code, from asserting a deficiency against the petitioner for the calendar year 1945; and (b) whether petitioner has established his right to a net long-term capital loss deduction for the taxable year 1945 and a carry-over of the net long-term capital loss for the taxable year 1946. Findings of Fact The petitioner *22 is an individual residing in the County of Los Angeles, California. The returns for the periods here involved, covering the calendar years 1945 and 1946, were filed with the collector of internal revenue for the sixth district of Los Angeles, California. The notices of deficiency were mailed to the petitioner on May 3, 1949. On January 14, 1949, petitioner and respondent executed a waiver, Treasury Form 872, reading in part as follows: "Consent Fixing Period of Limitation Upon Assessment of Income and Profits Tax "January 14, 1945 "In pursuance of the provisions of existing Internal Revenue Laws Harry L. Lockwell, a taxpayer (or taxpayers) of P.O. Box 4052, East Long Beach, Calif., and the Commissioner of Internal Revenue hereby consent and agree as follows: "That the amount of any income, excess-profits, or war-profits taxes due under any return (or returns) made by or on behalf of the above-named taxpayer (or taxpayers) for the taxable year ended March 31, 1945, under existing acts, or under prior revenue acts, may be assessed at any time on or before June 30, 1950, except that, if a notice of a deficiency in tax is sent to said taxpayer (or taxpayers) by registered mail *23 on or before said date, then the time for making any assessment as aforesaid shall be extended beyond the said date by the number of days during which the Commissioner is prohibited from making an assessment and for sixty days thereafter. "/s/ Harry L. Lockwell Taxpayer /s/ Geo. J. Schoeneman Commissioner of Internal Revenue "By /s/ I.G.A. 1/14/49 (Date)" The italicized portions represent the typewritten insertions on the form. This waiver was signed by petitioner and by an agent of the respondent. On or about August 9, 1945, petitioner assigned to Norman J. Lowey, an attorney, a mortgage bond in the face amount of $2,500 and a judgment on the bond in the face amount of $3,353.04, together with his interest in a real estate lot located in the County of Bronx, State of New York, in payment of attorney fees which he owed Lowey in the amount of $100. Lowey allocated a value of $25 to the bond, $50 to the judgment and $25 to the real estate lot. Lowey had represented petitioner in the legal action on the bond in 1937, which resulted in the above-mentioned judgment, and also represented petitioner in supplemental proceedings to collect this judgment. He was unable to make any *24 collection on the bond or mortgage and prior to 1945 he had informed petitioner that in his opinion they were worthless. Opinion LEMIRE, Judge: Our first question is whether respondent is barred by the statute of limitations, section 275 (a) of the Internal Revenue Code, from asserting a deficiency against petitioner for the calendar year 1945, as alleged by the petitioner. The respondent relied upon the waiver set out above. He contends that this waiver was intended to relate to the calendar year 1945, although it erroneously designates the year ended March 31, 1945, since there was no other taxable year involved. Regardless of the question of the validity of this waiver we must decide against the petitioner on the statute of limitations question because of his failure to prove the facts necessary to show that the staute has run. The pertinent provision of the Internal Revenue Code, section 275 (a), states: "The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the *25 expiration of such period." (Italics supplied.) The statute of limitations on assessment is an affirmative defense and the burden of proving that the assessment is barred thereby is on the petitioner. Edward M. Lawrence, 3 B.T.A. 40. Petitioner's return was not offered in evidence, and the record is silent as to when it was filed. Petitioner having failed to prove the facts necessary to show that the period provided in the statute had expired prior to the mailing of the deficiency notice, his plea must be denied. Refiners Production Co., 43 B.T.A. 481; cf. Edward M. Lawrence, supra. The issues on the merits are whether petitioner is entitled to a net long-term capital loss deduction for the year 1945 and a carry-over of the net long-term capital loss for the year 1946. With respect to the claimed net long-term capital loss on the mortgage bond and judgment thereon during the year 1945, the petitioner submitted in evidence a deposition from Lowey, the attorney who had sought to collect the judgment and to whom petitioner had assigned the judgment and bond in question. In the deposition Lowey testified that prior to January 1, 1945, he had *26 informed petitioner that in his opinion the judgment was uncollectible and that he had refused to take any further steps to collect it. There is nothing in the evidence to show that the bond or judgment had any value at the beginning of or during the taxable year 1945. The loss deduction claimed thereon must therefore be disallowed. With respect to the vacant lot, there is no satisfactory evidence that the property was ever conveyed to petitioner. Further, even if petitioner had established his ownership of the property, there is no evidence to show that it had any value at any time during 1945. Lowey testified he arbitrarily applied the sum of $25 out of the total fee of $100 due him from petitioner in consideration for the lot. He further testified that he never paid any taxes on the lot after the transaction. Petitioner testified that there were back taxes due on the lot in 1924, for which an allowance was made on the purchase price. There is no evidence that these taxes were ever paid. The sale of property for a nominal price does not give rise to a deductible loss if the property had become worthless in a prior year. Grant B. Shipley, 17 T.C. - (Oct. 31, 1951). On the evidence *27 presented, we can not find that the respondent erred in disallowing the claimed deductions for long-term capital losses for the year 1945 or a carryover of a net long-term capital loss for the taxable year 1946. Decision will be entered for the respondent.